UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
A&A MAINTENANCE ENTERPRISE, INC., :
                         Petitioner, :
                                                                                                    :
v. : **OPINION AND ORDER**
                                                                                                   :
ALVIN RAMNARAIN, as President of Local : 19 CV 3144 (VB)
1102, Retail Wholesale and Department Store :
Union, United Food and Commercial Workers, :
                         Respondent. :
------------------------------------------------------------x

Briccetti, J.:

      Petitioner A&A Maintenance Enterprise, Inc. ("A&A"), brings this action under Section 301 of the Labor Management Relations Act against respondent Alvin Ramnarain, as President of Local 1102, Retail Wholesale and Department Store Union, United Food and Commercial Workers ("Local 1102" or the "union"), to vacate an arbitration award dated December 22, 2018, issued by Arbitrator J.J. Pierson (the "arbitrator") as to liability (the "liability award"). (Doc. #1-1 ("Pet.")). The union, in turn, has cross-petitioned to confirm the liability award, as well as an April 19, 2019, award issued as to damages (the "relief award"). (Doc. #7).[1]

      For the following reasons, A&A's petition is DENIED, and the union's cross-petition is GRANTED.

      The Court has subject matter jurisdiction under 28 U.S.C. § 1331.[2]

---

[1]     The Court refers to the liability award and the relief award collectively as "the awards."

[2]     This case was originally commenced in Supreme Court, Westchester County, and later removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446. In its notice of removal, the union claims the Court has jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity of citizenship. However, petitioner and respondent are both citizens of New York and therefore, the Court lacks diversity jurisdiction. (See Pet. ¶¶ 3, 4). Nevertheless, the case is properly before this Court

1

## BACKGROUND

The following factual background is drawn from the parties' submissions in support of and in opposition to the pending petition and cross-petition.

Petitioner A&A is a corporation providing janitorial and maintenance services to owners and operators of commercial real estate and educational institutions.

Respondent is the President of Local 1102, a labor union engaged in representing workers in negotiations with their employers concerning wages, hours, and other terms and conditions of employment.

The union represents building service workers, groundskeepers, and mechanics at Long Island University's campus located in Old Brookville, New York (the "university"). The university contracted with A&A to perform janitorial, mechanical, and groundskeeping work on campus. As employer for the janitorial, mechanical, and groundskeeping workers, A&A assumed the collective bargaining agreement (the "CBA") between the university and the union.

Following the expiration of the CBA on August 31, 2017, A&A and the union participated in three bargaining sessions. The union alleges A&A sought to "obtain 'the right to use temporary employees'" during those sessions. (Doc. #8 ("Resp't Answer & Cross-Pet.") at 13).[3] The union rejected A&A's proposal and A&A withdrew its request. Eventually, the parties agreed on a new CBA.

---

pursuant to federal question jurisdiction, 28 U.S.C. § 1331, because the action arises under Section 301 of the Labor Management Relations Act.

[3] The Court considers the exhibits appended to Respondent's Answer and Cross-Petition (Doc. #8), even though it appears the union filed its answer and cross-petition twice, (see Docs. ##6, 8), instead of its declaration as indicated on the Court's Electronic Case Filing system. However, there is no dispute as to the authenticity of the exhibits, and therefore the Court determines it can rely on them.

I.       The Labor Dispute

In the fall of 2017, bargaining unit members noticed new employees doing building service work at the university. The bargaining unit members notified their union representative. The union representative attempted to ascertain the status of these new workers but was unable to do so. He then filed a written grievance on January 12, 2018, under the impression these new workers were substitutes. Eventually, after filing the grievance, the union representative learned the workers were not part of the bargaining unit represented by Local 1102.

On January 26, 2018, the parties submitted to binding arbitration their dispute over the interpretation of the CBA respecting these workers. However, the parties framed the dispute differently.

The union's original grievance stated, "The employer violated the collective bargaining agreement through its failure to comply with the substitute employees article." (Resp't Answer & Cross-Pet. Ex. C). However, when the union submitted its grievance to arbitration, it described the issue as follows: "Employer violated Articles 1, 2, 5, 6, 7, 10, 11, 12, 15 & 20 [of the CBA] by improperly using 'temporary employees,' as that term is defined in Article 5, to perform bargaining unit work." (Resp't Answer & Cross-Pet. Ex. D). And before the arbitrator, the union stated the issue was whether "the Company violate[d] the collective bargaining agreement by utilizing temporary employees to perform bargaining unit work[.]" (Pet. ¶ 22).

A&A insisted the proper formulation of the issue was whether the "employer violated the collective bargaining agreement through its failure to comply with the substitute employee article." (Pet. ¶ 23).

II.     The Awards

Following several days of hearings in May, June, and July, on December 22, 2018, the arbitrator issued the liability award.

A&A argued the union had not properly grieved the issue respecting the broad class of temporary employees, and therefore the arbitrator was not permitted to reach the issue. The arbitrator rejected that argument finding "the Union's demand for arbitration was consistent with the grievance filed by the Union, as it addressed the issue known at the time." (Resp't Answer & Cross-Pet. Ex. B at 16). Further, the arbitrator found that although "the Union submitted the grievance in terms of 'substitute employees' and the demand for arbitration in terms of 'temporary employees,' there is no question that the Union was referring to the Employer's 'action' and not the 'classification' of employees involved." (Id.).

On the merits, the arbitrator decided A&A had violated the CBA "by utilizing non-union substitute/temporary and/or probationary employees to perform bargaining unit work." (Resp't Answer & Cross-Pet. Ex. B at 19). Further, the arbitrator determined A&A had "exercised its management rights in 'bad faith' . . . by hiring substitute/temporary employees under Article 5 to displace bargaining unit members and by manipulating the ninety (90) [day] probationary period under Article 4 to discriminate against the Union." (Id.).

On April 19, 2019, the arbitrator—who retained jurisdiction to fashion a remedy for the CBA violation—issued the relief award addressing damages. The arbitrator based his determination on data provided by the union on February 1, 2019. A&A missed its deadline to challenge the data, and the arbitrator refused to further extend A&A's time to do so. The final relief award entitled the union to $1,702,263.81 in damages. (Resp't Answer & Cross-Pet. Ex. J at 11).

## DISCUSSION

I. <u>Standard of Review</u>

This Court's grant of authority to review arbitration awards is limited. The Federal Arbitration Act permits vacatur of an arbitration award under four narrow circumstances:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Circumscribed review ensures that the "twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation," are fulfilled. <u>Folkways Music Publishers v. Weiss</u>, 989 F.2d 108, 111 (2d Cir. 1993).[4] Thus, the party seeking to vacate an arbitration award bears a high burden to avoid summary confirmation. <u>D.H. Blair & Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 110 (2d Cir. 2006).

Under this highly deferential standard, the Second Circuit has held that an arbitration award must be upheld when "the arbitrator offers even a barely colorable justification for the outcome reached." <u>Wackenhut Corp. v. Amalgamated Local 515</u>, 126 F.3d 29, 31 (2d Cir. 1997) 31–32). In the end, "[t]he contractual theory of arbitration . . . requires a reviewing court to affirm an award it views as incorrect—even very incorrect—so long as the decision is plausibly grounded in the parties' agreement." <u>Id</u>. at 32.

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

5

II.   <u>Vacatur and Confirmation of the Awards</u>

A&A alleges the arbitrator exceeded his authority by rendering an award that dealt with probationary, substitute, and temporary employees, as opposed to just substitute employees, the only category of employees mentioned in the union's original grievance.[5]

The Court disagrees.

Courts in this Circuit have "consistently accorded the narrowest of readings to section 10(a)(4) permitting vacatur where the arbitrator has exceeded her powers." <u>Jock v. Sterling Jewelers Inc.</u>, 646 F.3d 113, 122 (2d Cir. 2011). The focus of a challenge to an "arbitration award under section 10(a)(4) is whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, <u>not whether the arbitrators correctly decided that issue</u>." <u>Id</u>. "Accordingly, an arbitrator may exceed her authority by, first, considering issues beyond those the parties have submitted for her consideration, or, second, reaching issues clearly prohibited by law or by the terms of the parties' agreement." <u>Id</u>. "[C]ourts in this and other circuits have exhibited considerable deference toward arbitrators' determinations regarding the scope of their own authority." <u>New York State Fed'n of Physicians & Dentists v. Interfaith Med. Ctr.</u>, 2007 WL 2743708, at *3 (E.D.N.Y. Sept. 21, 2007) (collecting cases).

Here, the fact that the union mentioned only the substitute employees provision of the CBA in the original grievance is inconsequential. The real substance of the union's initial

---

[5] As an additional ground to vacate the award, A&A argues the arbitrator failed to grant its request for an adjournment, which "depriv[ed] A&A of due process." (<u>See</u> Doc. #13 ¶ 51). However, this argument is only first mentioned on the last page of A&A's answer to the union's cross-petition and the claim lacks any factual detail or case law in support. Accordingly, the Court finds this argument entirely unpersuasive.

6

grievance was the contention that non-union workers were improperly performing bargaining unit work. And this dispute clearly concerns A&A's use of temporary employees.

The arbitrator was not required to shut his eyes to the essential issue merely because the term "temporary employees" and all relevant CBA provisions were not included in the union's original grievance. The reason the union included substitute employees—and not all temporary employees—is because A&A told the union the new workers were substitutes. (See Resp't Answer & Cross-Pet. Ex. B at 18). In other words, A&A is trying to constrain the scope of the arbitrator's authority based on its own statements about these employees. Moreover, in its demand for arbitration, the union cited numerous CBA provisions, including the articles pertaining to substitutes and new employees.

Accordingly, the arbitrator did not exceed his authority, either by considering this broader category of workers in rendering the liability award or by placing restrictions on A&A's rights respecting these workers pursuant to the CBA.

Because A&A has not met its burden to prove the arbitrator exceeded his authority, the Court declines to vacate the liability award. See 9 U.S.C. § 9. Accordingly, the liability and relief awards are confirmed.[6]

---

[6] The union's briefing sets forward myriad facts in support of its request to confirm the relief award, including that A&A did not oppose or participate in the factfinding process to determine monies owed. Given A&A's high burden for vacating both awards, and A&A's failure to set forth any facts or law to support vacating the relief award, the Court confirms the relief award as well.

**CONCLUSION**

Petitioner's petition to vacate the liability award dated December 22, 2018, is DENIED. (Doc. #1-1).

Respondent's cross-petition to confirm the liability award dated December 22, 2018, and the relief award dated April 19, 2019, is GRANTED. (Doc. #7).

Accordingly, respondent is entitled to a judgment against petitioner in the sum of $1,702,263.81 as per the relief award dated April 19, 2019.

The Clerk is instructed to enter judgment accordingly and close this case.

The Clerk is further instructed to terminate the motion. (Doc. #7).

Dated: January 13, 2020
      White Plains, NY

                                   SO ORDERED:

                                   Vincent L. Briccetti
                                   United States District Judge